Fred ASHLEY, on Behalf of Himself and Others Similarly Situated, Plaintiffs,

v.

James E. HAYS, Roland Loewen, et al., Defendants.

Civ. A. No. H–84–1677.

United States District Court, S.D. Texas, Houston Division.

May 19, 1986.

Kenneth B. Levi, Ducoff & Chanon, Houston, Tex., for plaintiffs.

· O. Theodore Dunkins, Jr., Butler & Binion, Houston, Tex., for Hayes & Loewen.

A. Mortin Wickliff, Mayor, Day & Caldwell, Houston, Tex., for RepublicBank.

Kathryn S. Page, Baker & Botts, Houston, Tex., for Banker's Life Ins. Co.

## ORDER

McDONALD, District Judge.

Pending before the Court is Defendants', James E. Hays, Roland Loewen, Bankers Life Company and RepublicBank, formerly known as Houston National Bank, Motion for Summary Judgment. Plaintiff, Fred Ashley, brought suit under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. 1001 *et seq.* (1985), seeking a lump sum payment of pension benefits instead of an annuity when the company plan (the "Plan") terminated. Having considered the entire record, this Court GRANTS the Defendants' Motion for Summary Judgment.

■ Review of an ERISA claim is limited to a determination of whether the trustee's actions were arbitrary or capricious. *Paris v. Profit Sharing Plan for Employees of Howard B. Wolf, Inc.*, 637 F.2d 357, 362 (5th Cir.), *cert. denied*, 454 U.S. 836, 102 S.Ct. 140, 70 L.Ed.2d 117 (1981). Absent a showing of arbitrariness or capriciousness, deference must be given to the decision of the trustee, whom Congress intended to hold primarily responsible for claim processing. *Denton v. First National Bank of Waco, Texas*, 765 F.2d 1295, 1304 (5th Cir.1985). Summary Judgment is appropriate where no genuine issue as to any material fact exists with regard to the Plan Administrators' actions and Defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

The issue is whether or not Defendants' acts of denying Plaintiff a lump sum benefit payment in favor of an annuity is a breach of Defendants' fiduciary duty as Plan Administrators. To decide this, inquiries must be made into ERISA laws, which preempt state law, 29 U.S.C. § 1144(a) (1985) and into the company's Plan.

## I. *ERISA*

■ Defendants are not required to provide Plaintiff with a lump sum payment option according to ERISA. 29 C.F.R. § 2617.4(a) (1982) states that an annuity payment is the favored payment plan. However, section (b) provides for three exceptions to an annuity repayment requirement: 1) if the monthly amount of the benefit is less than the smallest monthly benefit amount normally provided by an insurer; 2) if the present value of the benefit is $1750.00 or less; or 3) if the plan itself provides for an alternative form of distribution.

Defendants' actions, described in its March 28, 1980, letter (Exhibit 5), correctly applied the ERISA standard. Furthermore, none of the three exceptions outlined above applies to the current case. Tenn-Tex Alloy Corporation could only obtain an insurer to takeover the pension plan for accrued monthly pension benefits of $25.00 per month or more. Hence, Defendant Tenn-Tex was not arbitrary or capricious, nor was it in violation of ERISA standards, in giving lump sum payments to those employees with less than $25.00 a month accrued, while providing annuities to employees with $25.00 or more a month accrued.[1]

## II. *The "Plan"*

■ The Plan provisions which allow for some kind of participant election in the form of pension benefits (Plan § 6.4) is subject to certain limitations. Most importantly, requests for benefits in any form other than an annuity must be approved by the Committee. Secondly, these requests must be in writing. Plaintiff has only a qualified right to some kind of alternative form of benefits, not an absolute right to demand a lump sum payment before retirement. ERISA only allows an alternative form of payment where a participant has a right to request that form of payment. However, where a plan reserves Committee discretion as to payment form, ERISA does not compel a company to accommodate its participants. The Court notes that ERISA's legislative history supports this interpretation. According to 46 Fed.Reg. 9535 (1981), the Pension Benefit Guaranty Corporation (PBGC) does not intend to alter a Plan's provisions, especially when the Plan is subject to the approval of the plan administrator or trustee. Therefore, the Plan Administrators in this case are justified in denying a lump sum benefit, since the Plan itself gives the administrators discretion over such decisions.

## III. *Promissory Estoppel*

■ Plaintiff further contends a genuine issue of fact remains because the Plan Administrators falsely represented to Plaintiff and others that a lump sum payment would be made. Plaintiff does no more than allege this to be true, failing to set forth specific facts, i.e. when this representation was made, which Plan Administrator made the assertion, and what exactly was promised. Under Fed.R.Civ.P. 56(e), an adverse party to a motion for summary judgment:

> may *not* rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth *specific facts* showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if applicable, shall be entered against him. (emphasis added).

Rule 56(e), Federal Rules of Civil Procedure. The commentary to this rule adds that the very purpose of the summary judgment procedure is "to pierce the pleadings and to access the proof." *Id.* Without more specific facts to support Plaintiff's allegations, this Court can only conclude that Plaintiff's naked allegation is ungrounded.

This Court finds there to be no genuine issue as to any material fact. Defendants did not act in an arbitrary or capricious manner by denying Plaintiff a lump sum

---

1. Plan § 6.5 also provides for lump sum payment for participants whose present value of their accrued monthly pension does not exceed $1,750.00. However, lump sum payment is purely at the Committee's option.

distribution upon Plan termination. Neither ERISA nor the Plan require a lump sum payment. The Defendants terminated the Plan in a fair and equitable manner, in accordance with their fiduciary duty. Therefore, Defendants are entitled to judgment as a matter of law.

Accordingly, it is ORDERED, ADJUDGED, and DECREED that Defendants' Motion for Summary Judgment be and hereby is GRANTED. The Court directs each party to pay its own attorney's fees.